IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY ESTARLY AGUILAR MADRID, <br><br> Petitioner, <br><br> vs. <br><br> JAMES J. JONES, Warden, McCook Detention Center; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; CALEB VITELLO, Acting Director, Enforcement and Removal Operations; and MICHAEL SCHEER, Omaha Field Office Director, Enforcement and Removal Operations; <br><br> Respondents. | **8:26CV314** <br><br> **MEMORANDUM AND ORDER** |

This matter comes before the Court on Anthony Estarly Aguilar Madrid's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully detained. For the reasons set forth herein, the Court grants the Petition and orders Respondents to release Petitioner.

## I.    BACKGROUND

Petitioner is a native and citizen of Honduras. Filing No. 1 at 12. He entered the United States in October 2022 and was released to his uncle as an unaccompanied minor. *Id.*; Filing No. 8 at 4. He has since attained the age of majority. Filing No. 8 at 4. On October 10, 2023, Petitioner filed an application for asylum. *Id.* On December 13, 2025, Petitioner was "encountered" by ICE in state custody in Iowa "for facing charges under state law" according to Respondents.[1]    *Id.*    On October 15, 2025, Respondents

---

[1] The record does not reveal the nature of these charges or how they were resolved.

1

transferred Petitioner to ICE custody. *Id.* at 5. At some point, Petitioner was transferred to the McCook detention facility in Nebraska where he remains detained. *Id.*

On March 13, 2026, an immigration judge denied Petitioner's asylum application for failure to claim a particular social group because Petitioner alleged only a fear of gang violence. *Id.* Petitioner timely appealed the denial to the Board of Immigration Appeals where the case remains pending. *Id.*

Petitioner seeks his immediate release or a bond hearing. Filing No. 1.

## II.  ANALYSIS

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2), pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In *Avila*, the Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A). Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country. Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026). Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, and Sixth Circuit Court of Appeals have agreed. *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026).

2

However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed.  The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But Petitioner's situation is distinct from that set forth in *Avila*.  In issuing the warrant for Petitioner's arrest, Respondents invoked § 1226, not § 1225.  *See* Filing No. 10-2 at 1 (warrant addressed to "[a]ny immigration officer authorized *pursuant to sections 236* [8 U.S.C. § 1226] and *287* [8 U.S.C. § 1357] of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations.").   Now, Respondents claim Petitioner is actually detained under 8 U.S.C. § 1225(b)(2) rather than § 1226.  But, "courts may not accept . . . *post hoc* rationalizations for agency action," and "an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983).  "Put simply, the Government is not allowed to change horses midstream. It is stuck with the horse on which it rode into court," which, here, is 8 U.S.C. § 1226.  *Souleimane C. v. Blanche*, No. 26-CV-2215 (LMP/JFD), 2026 WL 1180075, at *3 (D. Minn. Apr. 30, 2026); *accord Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-CV-131, 2026 WL 926725, at *1 (D. Neb. Apr. 6, 2026) ("If the government was going to detain the petitioner for removal proceedings, [his apprehension at the border] was the time.  Instead, the government decided to release him on conditional parole—and when it did so, the petitioner's detention and removal were subject to the statutory scheme in § 1226.").

Noncitizens detained under 8 U.S.C. § 1226(a) are entitled to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1),

3

1236.1(d)(1)).  This is so even though an immigration judge has denied Petitioner's application for asylum and ordered him removed; the order of removal is not yet final because Petitioner's appeal is currently pending before the BIA.  *See* 8 U.S.C. § 1231 (the "removal period" requiring mandatory detention begins on the date the order of removal becomes administratively final); 8 C.F.R. § 1241.1(a) (order of removal becomes administratively final upon, inter alia, dismissal of an appeal by the Board of Immigration Appeals).  Until it becomes final, Petitioner remains subject to the bond provisions of § 1226.

Should Petitioner's removal become administratively final, he will thereafter be subject to mandatory detention.  8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien.").  Or, should Respondents choose to attempt to re-detain Petitioner prior to his removal order becoming administratively final, they must afford him a bond hearing wherein the burden is on the government to demonstrate he poses a flight risk or is a danger to the community.

Lastly, even if Respondents had not previously chosen to invoke § 1226 in Petitioner's case, the Court would nevertheless find that his detention without the opportunity for a bond violates his due process rights under the three-part test in *Mathews v. Eldridge*, 424 U.S. 319, (1976), as set forth in *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026).  Accordingly,

IT IS ORDERED:

1.  Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.

2.  Petitioner's Motion for Release, Filing No. 3, is granted as stated herein.

4

5

3. Respondents shall release Petitioner from custody as soon as practicable, no later than 48 hours from the filing of this Order.

4. Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.

5. Should Respondents seek to re-detain Petitioner prior to his removal order becoming administratively final, they must afford him a prompt bond determination hearing as described herein.

6. Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on July 17, 2026.**

Dated this 14th day of July, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge